WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricky J Spann,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-20-02232-PHX-JJT<br><br>**ORDER** |

Plaintiff challenges the denial of his application for disability insurance benefits under Title II of the Social Security Act ("the Act") by Defendant, the Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). Plaintiff filed a Complaint with this Court seeking judicial review of that denial (Doc. 1), and the Court now addresses Plaintiff's Opening Brief (Doc. 19, Pl. Br.), Defendant's Answering Brief (Doc. 25, Def. Br.), and Plaintiff's Reply (Doc. 26, Reply). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g). Having reviewed the briefs and Administrative Record (Doc. 18, AR.), the Court now reverses the Administrative Law Judge's ("ALJ") decision and remands for further proceedings.

**I.     THE SEQUENTIAL EVALUATION PROCESS AND JUDICIAL REVIEW**

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. *E.g.*, 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ

determines whether the claimant is engaging in substantial, gainful work activity. § 404.1520(a)(4)(i). If the claimant is engaged in substantial, gainful work, he is not disabled. *Id*. If he is not engaged in such work, the analysis proceeds. *Id*. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If the claimant does not, he is not disabled. *Id*. If he does, the analysis proceeds to step three. *See id*. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or is medically equivalent to an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. § 404.1520(a)(4)(iii). If so, the claimant is disabled. *Id.* If not, the ALJ assesses the claimant's residual functional capacity ("RFC") and proceeds to step four, where he determines whether the claimant is still capable of performing his past relevant work. § 404.1520(a)(4)(iv). If the claimant can perform his past relevant work, he is not disabled. *Id*. If he cannot, the analysis proceeds to the fifth and final step, where the ALJ determines if the claimant can perform any other work in the national economy based on his RFC, age, education, and work experience. § 404.1520(a)(4)(v). If the claimant cannot, he is disabled. *Id.* For Title II disability claims, the claimant must establish disability before his insured status ends. *Wellington v. Berryhill*, 878 F.3d 867, 872 (9th Cir. 2017).

This Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is more than a mere scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (cleaned up). In determining whether substantial evidence supports a decision, the court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* (quotations and citations omitted). As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

## II. PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on May 14, 2018, alleging disability beginning August 31, 2016. (AR. at 304-05.) Subsequent claim documents reflect Plaintiff changed his onset date to June 1, 2014. (AR. at 338, 400.) Plaintiff's claim was denied at the initial and reconsideration levels of administrative review (AR. at 145-48, 150-54), and he filed a request for a hearing before an ALJ on February 11, 2019. (AR. at 159-60.) ALJ Andrew Verne conducted a telephonic hearing on June 2, 2020 at which the Plaintiff and vocational expert ("VE") Erin Welsh testified. (AR. at 76-115.) At that hearing, the ALJ and VE discussed whether an individual of the Plaintiff's age, education, work experience, and RFC could perform his past relevant work or any other work in the national economy:

> ALJ: Assume a hypothetical individual with the [Plaintiff's] age, education, with the past work as described. Further assume this individual is able to lift, carry, push/pull 50 pounds occasionally and 25 pounds frequently. This person can stand and/or walk six hours and sit six hours in an eight-hour workday with normal breaks. They can frequently climb ramps and stairs; occasionally climb ropes, ladders, and scaffolds[; and] frequently balance, stoop, kneel, crouch, and crawl. With this hypothetical, is this person able to do past work?
>
> VE: Yes. Past work – all past work fits hypothetical one.
>
> ALJ: Taking this particular hypothetical, apply simple, repetitive tasks to no occasional – or to no work with the public and occasional work-related interaction with the supervisors and coworkers; no fast-paced work; in a low-stress environment. Can he do past work?
>
> VE: No past work.
>
> ALJ: What other work's available at that particular hypothetical?
>
> VE: Unskilled, unskilled occupations.

(AR. at 105-06.) The VE then identified several medium, unskilled jobs conforming to the hypothetical limitations: hand packager, industrial sweeper/cleaner, and "cleaner II." (AR. at 106-07.)

Later in the hearing, however, Plaintiff's counsel questioned the VE regarding whether an individual could perform the jobs she identified with a limitation to only six hours of combined standing and walking:

> Attorney: And all the medium jobs that you identified, they're performed – they require the entire shift standing and walking, correct?
>
> VE: Correct.
>
> ALJ: They require what?
>
> Attorney: Standing and walking the entire shift.
>
> ALJ: Six hours.
>
> Attorney: The entire shift, right for walking –
>
> ALJ: The hypothetical that I gave her was 50, 25, 6 and 6. What are, what are you trying to say?
>
> Attorney: That those jobs actually require more than six hours of standing, as there's no sitting involved.
>
> ALJ: Well, they – that's the limitation I gave her, was 50, 25. Ms. Welch, does it fit the hypothetical, or does –
>
> VE: Yes.
>
> ALJ: -- doesn't it fit the hypothetical? All right. So, it doesn't require –
>
> VE: Well –
>
> ALJ: -- eight hours?
>
> VE: Oh.
>
> ALJ: It's either one or the other.
>
> VE: Well, it's my understanding it's a combination of standing and walking for – sit/stand six hours, walk six hours, sit six hours. Is that correct, Your Honor?
>
> ALJ: Yes.
>
> VE: Well, these jobs would be a combination of standing and walking. She is correct. There would be no sitting. But if we add the standing – the six hours standing to the six hours walking, then we have 12 hours.
>
> ALJ: Got it, right. Thank you.

(AR. at 110-11.)

ALJ Verne issued an unfavorable decision on July 8, 2020. (AR. at 16-36.) He adopted the RFC permitting Plaintiff to perform the aforementioned medium, unskilled jobs and found him not disabled through his date last insured at step five. (AR. at 23, 28-30.) On November 9, 2020, the Social Security Appeals Council denied Plaintiff's request for review. (AR. at 1-4.) Plaintiff then filed this civil action. (Doc. 1.)

### III. DISCUSSION

Plaintiff raises three issues on appeal: (1) whether the ALJ identified a significant number of jobs at step five; (2) whether substantial evidence supports the ALJ's decision to omit use of a cane or walker from Plaintiff's RFC; and (3) whether Plaintiff's limitation to a "low-stress environment" in the RFC is reviewable. (Pl. Br. at 1-2.) Defendant concedes that "in light of the ALJ's failure to discuss evidence indicating suggesting [*sic*] that at least one clinician determined that an assistive device was necessary, remand is warranted." (Def. Br. at 8, citation omitted). Defendant argues that additional proceedings are warranted because the record contains ambiguities and does not compel a finding of disability. (Def. Br. at 9-14.) The Court finds that all issues require further proceedings.

### A. Additional proceedings would be useful to clarify RFC

At Plaintiff's hearing, as noted above, the ALJ posed a hypothetical question to the vocational expert including a limitation to "stand[ing] and/or walk[ing] six hours and sit[ting] six hours in an eight-hour workday with normal breaks[.]"(AR. at 105-06.) In response, the VE identified medium, unskilled occupations, but upon further questioning from Plaintiff's counsel and the ALJ, the VE needed to further clarify the RFC: "Well, it's my understanding it's a combination of standing and walking for – sit/stand six hours, walk six hours, sit six hours. Is that correct, Your Honor?" (AR. at 111.) The ALJ replied, "Yes." (AR. at 111.) The VE then explained that the jobs she identified "would be a combination of standing and walking. [Plaintiff's counsel] is correct. There would be no sitting. But if we add the standing – the six hours standing to the six hours walking, then we have 12 hours." (AR. 111.) The ALJ then replied, "Got it, right. Thank you." (AR. at 111.) With a limitation to only six hours of combined standing and walking, according to the VE,

Plaintiff could not perform the jobs the ALJ relied upon at step five. (AR. at 111.) In the decision, however, although the ALJ relied upon this testimony (AR. at 29-30), he failed to clarify the exact limits of Plaintiff's standing and walking in the RFC.[1] *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1097 (9th Cir. 2014) (RFC "is the most [the claimant] can still do despite [the claimant's] limitations.") (quotations and citations omitted). As such, it is unclear to this Court whether the ALJ and VE miscommunicated regarding Plaintiff's standing and walking limitations.[2] On the other hand, the meaning of medium work is "well-established" in disability law. *Terry v. Saul*, 998 F.3d 1010, 1013 (9th Cir. 2021) (citing 20 C.F.R. § 404.1567(c)). As the Court in *Terry* explained,

> While the regulation defining 'medium work' does not include any express standing and walking limitation, the Social Security Administration has long interpreted this language to include such a restriction. In a 1983 published Social Security Ruling, the Commissioner interpreted 'medium work' to 'require[ ] standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday.'

*Id.* (citing Social Security Ruling ("SSR") 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983)).

Here, the ALJ appeared to exhibit this understanding, but also accept the VE's explanation of why this work *could not* be performed with the ability to stand and walk for only six hours combined. (AR. at 111.) While it is clear the agency definition of medium work requires only six hours of combined standing and walking, it is unclear whether the ALJ intended the RFC to reflect the capability to stand or walk for a combined six hours, or six hours each. (AR. at 23.) While Plaintiff argues that the VE's clarification of her testimony is unambiguous and would preclude performance of the jobs identified (Pl. Br.

---

[1] The ALJ concluded Plaintiff "had the [RFC] to perform medium work as defined in 20 CFR 404.1567(c) *except* the [Plaintiff] is limited . . . [to] stand[ing] and/or walk[ing] for six hours in an eight-hour workday . . . ." (AR. at 23, emphasis added.)

[2] The misunderstanding which may have occurred was likely due to the ALJ's use of "and/or," *i.e.*, "standing and/or walking." (AR. at 105-06.) "And/or" is a conjunction "used as a function word to indicate that two words or expressions are to be taken together or individually." Merriam Webster Dictionary, "and/or," *available at* https://www.merriam-webster.com/dictionary/and%2For (last visited Jan. 10, 2023). The Seventh Circuit once noted parenthetically that "the expression, while 'undeniably clumsy, does have a specific meaning (x and/or y = x or y or both).'" *Hess v. Hartford Life & Acc. Ins. Co.*, 274 F.3d 456, 463 (7th Cir. 2001) (citing Bryan A. Garner, A Dictionary of Modern Legal Usage 56 (2d ed. 1995)).

at 12-14, Reply at 3-6), the Court finds the murky exchange between Plaintiff's counsel, the ALJ, and the VE warrants clarification.

Moreover, as Defendant acknowledged (Def. Br. at 8), there does appear to be an inconsistency or conflict in the vocational evidence between the standing and walking requirements of the occupations listed in the Dictionary of Occupational Titles ("DOT") and the VE's testimony.[3] The DOT "lists maximum requirements of the jobs as generally performed." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (quotations and citations omitted). If the DOT provides these jobs require no more than six hours of standing and walking combined,[4] but the VE testified the jobs actually require eight hours, an "obvious or apparent" conflict exists. *Id.* at 808.

Consequently, additional proceedings are necessary to clarify the RFC, resolve any conflicts, and ascertain whether Plaintiff could perform any jobs in the national economy at the time he was insured. *Treichler*, 775 F.3d at 1101 ("Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time.") (cleaned up).

**B.    The other issues favor additional proceedings**

Plaintiff argues the ALJ erred by omitting from the RFC Plaintiff's need for an ambulatory assistive device. (Pl. Br. at 15-19.) While the ALJ discredited Plaintiff's need for a cane or walker (AR. at 25, 27), the decision to omit this from Plaintiff's RFC is not supported by substantial evidence for the entire relevant period. When discussing the opinion of orthopedic consultative examiner Jeff Altman, M.D., the ALJ asserted there is no evidence "that a medical need was established for an assistive device" (AR. at 27), but Plaintiff's providers prescribed him an assistive device (AR. at 2030, 2053) and records

---

[3] The Court declines to hold the Commissioner waived this argument (Reply at 6), as the Commissioner clearly referenced an inconsistency in the vocational evidence (Def. Br. at 8), and the inconsistency is obvious from the circumstances.

[4] SSR 00-4p provides, "We classify jobs as sedentary, light, medium, heavy and very heavy (20 CFR 404.1567 and 416.967). These terms have the same meaning as they have in the exertional classifications noted in the DOT." 2000 WL 1898704, at *3 (Dec. 4, 2000).

reflect he used one from late 2018 throughout 2019 (AR. at 1346, 1611, 2133, 2135, 2546, 2551, 2576, 2604, 2633). Importantly, Plaintiff's providers also documented a normal gait and no balance issues at other times throughout 2017 and 2018. (AR. at 2204, 2220, 2232, 2276, 2298, 2341, 2379, 2637). As such, Defendant is correct that while Plaintiff's need for a cane may be supported in the record effective late 2018, it was not necessarily always supported.[5] (Def. Br. at 10-11.) Additional proceedings are necessary to determine at which point Plaintiff's need began, which may dictate a finding Plaintiff is disabled at that point.[6] *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("[T]he ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence.") Additional proceedings serve a useful purpose when these factual issues require further development. *Treichler*, 775 F.3d at 1101. Further proceedings would also provide an opportunity for Plaintiff to seek clarification regarding the definition of "low stress environment" in the RFC.[7] All issues weigh in favor of additional proceedings.

### C. The record raises questions regarding the issue of disability

Even if additional proceedings had no utility, the record still raises doubts as to the issue of Plaintiff's disability. When a reviewing court finds harmful error, "[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (as amended) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). While the court "ordinarily must remand to the agency for further proceedings[,]" *Leon v. Berryhill*,

---

[5] At the hearing, Plaintiff's counsel asserted Plaintiff was initially prescribed an ambulatory assistive device in 2017, but counsel could not cite to the record in support. (AR. at 93.) The earliest prescription for a cane provided by Plaintiff's counsel at the hearing was from January 2019. (AR. at 97.) According to the briefs, the appropriate date appears to be in October 2018. (*E.g.*, Pl. Br. at 18) ("Documentation of the [Plaintiff's] need for and use of [a] cane and a walker beg[an] [on] or about October 2018.")

[6] The VE testified that an individual's need for and use of a cane would preclude the performance of medium work, and that such an individual could perform, at most, light work. (AR. at 109.) With a limitation to light, unskilled work, the Plaintiff could be found disabled under the medical vocational rules. (Pl. Br. at 19, citing 20 C.F.R. pt. 404, subpt. P, app. 2, table 2, Rule 202.06.)

[7] Because resolution of this issue would require additional proceedings (Pl. Br. at 20), the Court need not address it at length.

880 F.3d 1041, 1045 (9th Cir. 2017) (amended January 25, 2018)), the Court may in its discretion remand for the payment of benefits when "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand[,]" *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Even when those elements are satisfied, the Court may award for additional proceedings if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id*. at 1021.

The Court agrees with Defendant that the record does not compel a finding Plaintiff is disabled, and that the record raises doubts as to the question of disability. Treatment providers repeatedly noted Plaintiff to be engaging in occasionally vigorous daily activities, including coaching sports, cycling for miles, fishing, and travelling. (AR. at 546, 554-55, 601, 775, 1222, 2267, 2601.) The record does not compel a finding Plaintiff is disabled and additional proceedings are needed to address the issues discussed above.

**IT IS THEREFORE ORDERED reversing** the July 8, 2020 decision of the Administrative Law Judge and remanding for additional proceedings. Defendant's Counter-Motion to Remand for additional proceedings (Doc. 25) is hereby granted.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgment consistent with this Order and to close this case.

Dated this 13th day of January, 2023.

Honorable John J. Tuchi
United States District Judge